**SO ORDERED.**

**SIGNED this 24 day of October, 2011.**



_____
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Designated for publication and on-line use.
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>**BONNIE ESTELLE LIEURANCE,**<br><br>       DEBTOR. | CASE NO. 10-40838<br>CHAPTER 7 |
| **PATRICIA E. HAMILTON,** Trustee of the Bankruptcy Estate of Bonnie Estelle Lieurance,<br><br>       PLAINTIFF,<br><br>v.<br><br>**CITIMORTGAGE, INC.,**<br><br>       DEFENDANT. | ADV. NO. 11-7035 |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS COUNTS II THROUGH VII**

    This adversary case was filed by the Chapter 7 Trustee to challenge the claimed

status of CitiMortgage, Inc., as the holder of a note executed by Debtor and secured by a

mortgage on Debtor's former homestead. The matter before the Court is Defendant CitiMortgage's Motion to Dismiss Adversary Complaint (hereafter "Motion") for failure to state a claim upon which relief can be granted. Defendant CitiMortgage, Inc. (hereafter "CitiMortgage"), appears by Cynthia M. Woolverton of Millsap & Singer, LLC. Plaintiff appears by Patricia E. Hamilton of Stevens & Brand, LLP. There are no other appearances. The Court has jurisdiction.[1]

**APPLICABLE STANDARD.**

Defendant moves to dismiss pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure and thereby provides for dismissal "for failure to state a claim upon which relief can be granted." Such a motion tests the sufficiency of the factual allegations of the complaint. The pleading standard established by the Supreme Court in *Twombly*[2] and *Iqbal*[3] is easily stated: "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[4]

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to § 157(b)(2)(F), (H), and (K). There is no objection to venue or jurisdiction over the parties.

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[4] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949 (relying on *Twombly* to support statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

2

"Factual allegations must be enough to raise a right to relief above the speculative level."[5] "Plausibility" has been construed by the Tenth Circuit as not meaning "likely to be true" but as to referring to the scope of the allegations in a complaint.[6] They "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[7]

**FINDINGS OF FACT.**

In accord with the foregoing standard, for the purpose of ruling on the Motion, the Court makes the following findings of facts based upon the Trustee's allegations in the Complaint and review of the attachments to the pleadings provided by the parties.

On or about October 25, 2006, Stephen E. Lieurance and Debtor Bonnie E. Lieurance[8] (hereafter "Debtor"), executed a promissory note (hereafter "Note") in favor of Equitable Mortgage of Nebraska, Inc. (hereafter "Equitable Mortgage"), and a mortgage (hereafter "Mortgage") in favor of Mortgage Electronic Registration Systems (hereafter "MERS"), as nominee for Equitable Mortgage. The real property subject to the mortgage lien (hereafter "Property") is located in Mayetta, Kansas, and was Debtor's homestead. The Mortgage was properly recorded.

---

a claim to relief that is plausible on its face.'").

[5] *Twombly*, 550 U.S. at 555.

[6] *Robbins*, 519 F.3d at 1247.

[7] *Id*.

[8] At that time, Debtor was known as Bonnie E. Thorne.

On May 18, 2010, Debtor filed for relief under Chapter 13. Debtor did not claim the Property as exempt. On June 1, 2010, MERS, as nominee for Equitable Mortgage, executed an Assignment of Mortgage (hereafter "Assignment") in favor of CitiMortgage. The Assignment document was executed by "M. Matthews, Vice President." The affidavit portion of the Assignment stated that M. Matthews acknowledged before the notary public executing the affidavit that he was "Vice President of/for" MERS solely as nominee for Equitable Mortgage. The Trustee alleges, upon information and belief, that M. Matthews was an employee of CitiMortgage. The Assignment was recorded on June 7, 2010. The Note bears an undated endorsement by Equitable Mortgage to CitiMortgage, without recourse. The signature and the position of the person signing on behalf of Equitable Mortgage cannot be deciphered, and there is no typewritten information relating to these entries. The Trustee alleges, based upon information and belief, that the endorsement was not executed by an officer of Equitable Mortgage.

On July 30, 2010, CitiMortgage filed a "Motion for Relief from Automatic Stay and Motion for Relief from Co-Debtor Stay." It alleged that it was the holder of the Note and Mortgage, that the amount owed exceeded the value of the Property as listed on Debtor's schedules, that the Note was in default, and that CitiMortgage lacked adequate protection. It requested termination of the stay to permit proceeding with foreclosure of the Mortgage. No objections were filed.[9]

---

[9] There is no contention that the ruling on the motion for relief should have *res judicata* effect in this proceeding, so the Court does not consider this possibility.

On September 23, 2010, Debtor voluntarily converted her case to Chapter 7. The Chapter 13 Trustee was removed from the case, and the Plaintiff was appointed Chapter 7 Trustee.

The motion for stay relief was granted on September 29, 2010. CitiMortgage filed a petition for foreclosure of the Mortgage in the District Court of Jackson County, Kansas, on November 19, 2010. The Trustee filed an answer on behalf of the estate.

**ALLEGATIONS OF THE COMPLAINT.**

The Complaint contains seven counts. Count I seeks a determination under § 506 as to the "validity, priority and extent of CitiMortgage's secured claim or other interest in the Property." Counts II, III, IV, and V seek to avoid the transfers of the Note and Mortgage to CitiMortgage under §§ 544(a)(3), 547(b), 548(a)(1)(B), and 549. Count VI seeks to recover and preserve the avoided transfers for the benefit of the estate under §§ 550 and 551. Count VII alleges that the execution of the Assignment on June 1, 2010, was a violation of the automatic stay of § 362.

**CONCLUSIONS OF LAW.**

> **Count I States a Claim for Declaratory Relief as to Whether CitiMortgage Is the Holder of the Note.**

CitiMortgage contends that Count I does not state a claim upon which relief can be granted since the exhibits to the Complaint fully support CitiMortgage's status as holder of the Note and assignee of the Mortgage. Those attachments include copies of the Note endorsed by Equitable Mortgage to CitiMortgage, the recorded Mortgage granting a lien

5

in the Property to MERS, as nominee for Equitable Mortgage, and the recorded Assignment of the Mortgage to CitiMortgage by MERS, as nominee for Equitable Mortgage. In further support of its position, CitiMortgage attached to its brief in support of dismissal a copy of a MERS "Milestones" report for the financing of Debtor's Property. It shows that CitiMortgage became both the servicer and the investor for that financing on December 20, 2006, approximately two months after the loan was originated.

The Trustee responds that the evidence of CitiMortgage's secured status is deficient. She contends that CitiMortgage has not provided evidence as to when it obtained its interest in the Note and has not explained how an individual who the Trustee alleges was an employee of CitiMortgage was an agent of Equitable Mortgage for purposes of assigning the Mortgage to CitiMortgage. The Trustee also argues in her brief, but not in the Complaint, that there are deficiencies evidenced by comparison of the MERS Milestones report with the copies of the Mortgage and Assignment attached to the Complaint. That report shows that CitiMortgage was the investor and servicer as of December 2006, prior to the execution of the Assignment, which was dated June 1, 2010. Based on these allegations, the Trustee contends that CitiMortgage was not a secured lender on the date of filing of Debtor's bankruptcy.

Under the *Iqbal* and *Twombly* standard, the Court finds the allegations sufficient, but barely so, to avoid dismissal. Treating Count I as a request for a declaratory judgment as to whether CitiMortgage has the right to enforce the Note and Mortgage, the count

6

states a claim upon which relief can be granted. The allegations questioning the authority of the individual executing the endorsement of the Note raise an issue as to the validity of the endorsement and the status of CitiMortgage as the holder of the Note. Assuming the truth of the Trustee's allegation that the endorsement on the Note was not proper, the Trustee has a claim upon which relief can be granted on this issue.

The Court notes, however, if CitiMortgage is correct that it is the holder of the Note, the Note is secured as a matter of law without regard to when the Mortgage was assigned or the Assignment recorded. Under long established Kansas law, "'[t]he debt secured by the mortgage is the principal thing, and the mortgage the mere incident following the debt wherever it goes . . . . [T]he mortgage follows the notes; whoever owns the notes, owns the mortgage.'"[10] "'The assignment and delivery of a negotiable promissory note before maturity operates as an assignment of a mortgage given as security for the payment of the note.'"[11] "'Record of the mortgage is notice of its existence, and the holder is not obliged to disclose his ownership by recording his assignment in order to preserve the priority of his lien.'"[12] Therefore, the *only* claim for relief asserted by Count I is the validity of the transfer of the Note. If CitiMortgage is the holder of the Note, it is entitled to enforce the Mortgage.

---

[10] *Middlekauff v. Bell*, 111 Kan. 206, 208, 207 P.2d 184, 185 (1922) (quoting *Burhans v. Hutcheson*, 25 Kan. *625, *630 (1881)).

[11] *Id*. at 209 (quoting *Insurance Co. v. Huntington*, 57 Kan. 744, Syl. ¶1, 48 P. 19, Syl. ¶1 (1897)).

[12] *Bank Western v. Henderson*, 255 Kan. 343, 349, 874 P.2d 632, 637 (1994) (quoting *Middlekauff v. Bell*, 111 Kan. at 212, 207 P.2d at 187).

7

**Count II Fails to State a Claim upon Which Relief Can Be Granted.**

Count II is for lien avoidance pursuant to § 544(a)(3). The Trustee contends she may avoid the transfer of CitiMortgage's interest in the "Property, the Note and/or the Mortgage" under this section. Pursuant to § 544(a)(3), "the trustee is given the rights and powers of a bona fide purchaser of real property from the debtor if at the time of the commencement of the case a hypothetical buyer could have obtained bona fide purchaser status, so the trustee can avoid any liens or conveyances that a bona fide purchaser could avoid."[13] However, the subsection permits the avoidance only of "any transfer of property of the debtor or any obligation incurred by the debtor."[14]

CitiMortgage argues that Count II fails to state a claim for relief since the subject of the transfers which the Trustee seeks to avoid are the Note and Mortgage which were not property of Debtor. The Trustee counters with arguments that Debtor's interest in the Property, which is subject to the Note and Mortgage, is property of the estate, and that a transfer of the Mortgage from one lender to another is a transfer of Debtor's property.

The Court rejects the Trustee's position and finds that Count II fails to state a claim upon which relief can be granted. It is true, as urged by the Trustee, that property of the estate as defined by § 541 is broadly construed and includes Debtor's interest in the Property subject to the Mortgage. However, Debtor's prepetition interest in the Property

---

[13] 5 *Collier on Bankruptcy*, ¶ 544.05 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2011).

[14] 11 U.S.C. § 544(a).

8

was limited and did not include the subjects of the transfers in issue. The Trustee acknowledges that in 2006, the Note was executed, and the Mortgage was granted to MERS as nominee for Equitable Mortgage and recorded. The estate includes Debtor's interest in the Property as of the date of filing. Since the mortgage lien had not been foreclosed as of the date of filing, at that time, Debtor had legal title and the right to possession of the Property, but subject to the rights of the mortgagee under Kansas law. As stated in *Rauer*,[15] a case cited by the Trustee, the bankruptcy estate also included "[a]ny portion of a debtor's property that is unencumbered by mortgage — the equity." There is no contention that Debtor had equity in the Property, and, even if she did, the assignment of the Mortgage without amendment of the Note or the Mortgage would not have been a transfer of such equity. The Note and Mortgage after their execution were property of the holder of the Note, not Debtor.

The Court also rejects the Trustee's position that a transfer of the Mortgage from one lender to another represents a transfer of Debtor's property or property of the bankruptcy estate.[16] The Trustee cites no case law supporting such a proposition. It is true, as contended by the Trustee, that § 101(54) defines transfer broadly and, if a transfer is avoided and preserved for the benefit of the estate, the property becomes property of

---

[15] *United States v. Rauer*, 963 F.2d 1332, 1337 (10th Cir. 1992); *see Patton v. State Street Bank (In re Patton)*, 314 B.R. 826, 831-32 (Bankr. D. Kan. 2004) (holding that assignments of recorded prepetition mortgage granted by debtors did not change voluntary nature of debtors' transfer of property for purposes of § 522(g)).

[16] Dkt. no. 14, p. 5.

9

the estate. But reliance on these general principles is placing the cart before the horse. It is the avoidance of a transfer which allows recovery of property for the estate; the fact of such recovery after avoidance is not grounds for avoidance. A transfer cannot be avoided under § 544(a)(3) unless the property transferred was property of the debtor at the time of the transfer. In this case, the transfer of property by Debtor occurred in 2006, when the Note and Mortgage were executed. There is no contention that a bona fide purchaser could avoid the 2006 transfer. The rights which were later transferred to CitiMortgage by Equitable Mortgage, from one creditor to another, were transfers of the transferor's interests acquired as a result of the 2006 transfer by Debtor, not transfers of Debtor's or the estate's interests.

In *Halabi*,[17] the Eleventh Circuit Court of Appeals, under facts similar to this case, held that the assignment of a mortgage, after perfection of the original grant from the debtor, does not involve the transfer of property of the debtor. In that case, the debtor owned real property which was mortgaged to Republic. The mortgage was properly perfected. Two years later, the note and mortgage were assigned to Farragut, which recorded the assignment. Farragut then assigned the mortgage and note to Atlantic. After the assignment to Atlantic, but before Atlantic had recorded the assignment, the debtor filed for bankruptcy relief. Atlantic thereafter recorded the assignment from Farragut, and then assigned the note and mortgage to Federal. The bankruptcy trustee obtained title

---

[17] *Kapila v. Atlantic Mortgage and Investment Corp. (In re Halabi)*, 184 F.3d 1335 (11th Cir. 1999).

10

to the real property and, in an effort to quiet title, filed a complaint against several parties, including Atlantic and Federal. The trustee relied upon §§ 544 and 549 in support of her position that the interests of Atlantic and Federal were inferior to the estate's. The bankruptcy court denied the trustee relief, and the district court and the court of appeals affirmed. The Eleventh Circuit held that "the assignment of the mortgage, once the original grant by the mortgagor to the mortgagee has been perfected, does not involve a 'transfer of the property of the debtor.'"[18] Each of the assignments in issue was "merely the transfer of one mortgagee's interest to a successor mortgagee."[19]

*Samuels*,[20] a case cited by CitiMortgage, also rejected contentions similar to those of the Trustee in this case. In that case, the trustee under a pooling and servicing agreement asserted that it held the debtor's note and mortgage as successor in interest to the original parties to the transaction. The debtor argued that the postpetition assignment of the mortgage and the related note from one holder to another was a transfer of property of the estate. Rejecting this position, the court found the interests transferred were "assets of the creditor mortgagee, not of the Debtor."[21]

The holdings of *Halabi* and *Samuels* apply here. Neither the transfer of the Note nor the transfer of the Mortgage from one holder to another was a transfer of property of

---

[18] *Id.* at 1337.

[19] *Id.*

[20] *In re Samuels*, 415 B.R. 8 (Bankr. D. Mass. 2009).

[21] *Id.* at 22.

11

Debtor, or of the estate, assuming the transfer was postpetition. The Note and the Mortgage, which had been properly recorded, were assets of the creditors. The transfers were merely assignments from one creditor to a successor creditor.

Therefore, the Trustee has failed to satisfy a necessary element of avoidance under § 544(a)(3). As a matter of law, the transfers (assignments) of the Note and Mortgage were not transfers of an interest of Debtor in property.

Moreover, under Kansas law, a purchaser of the property would have had notice of CitiMortgage's lien without regard to when the Assignment was made and whether it was promptly recorded, so there is an additional reason why the Trustee cannot prevail under Count II even if there were irregularities in the formal Assignment of the Mortgage. As previously stated, under Kansas law, "'the mortgage follows the notes; whoever owns the notes, owns the mortgage.'"[22] One who acquires a note secured by a recorded mortgage is therefore, as to subsequent purchasers, not the holder of a secret equity if the assignment is not recorded.[23] For purposes of a claim under § 544(a)(3), therefore, the lien of a holder of a note secured by an unrecorded assignment of a recorded mortgage cannot be avoided by a purchaser, since notice of the lien has been given by the recording of the mortgage by the initial mortgage holder.

Based upon the foregoing Kansas law, the Trustee's contention that a transfer of a

---

[22] *Middlekauff v. Bell*, 111 Kan. at 208, 207 P.2d at 185 (quoting *Burhans v. Hutcheson*, 25 Kan. at *630).

[23] *Bank Western v. Henderson*, 255 Kan. at 349, 874 P.2d at 637.

prepetition note and mortgage from one creditor to another can be avoided under § 544 has been rejected in this district by Bankruptcy Judge Berger. In *Patton*,[24] applying Kansas law, he rejected the debtors' attempt to avoid an unrecorded assignment of a mortgage under § 544(a)(3), exercised through § 522(h). In his case, prepetition, on or about January 14, 1999, the debtors had granted a mortgage of their homestead to Pointsource to secure a purchase money loan. The mortgage was properly recorded on January 20, 1999, and, as of the petition date, a satisfaction had not been filed. On the date the mortgage was executed, Pointsource had assigned the note and mortgage to Prism, and on the same date, Prism had assigned its interest to State Street. The assignments were not recorded, and the original assignment documents were lost or destroyed. The debtors filed for relief under Chapter 13 in 2002. Despite the failure to record the assignments, the court found State Street's interest in the mortgage could not be avoided. Under Kansas law, "a recorded and unreleased mortgage is notice of the lien, no matter who owns it. . . . Therefore, section 544(a)(3) may not be utilized to avoid [State Street's] assigned interest in the Mortgage, which is a valid and perfected lien on the plaintiff's homestead."[25] This Court finds Judge Berger's reasoning to be sound.

**Counts III and IV Fail to State Claims upon Which Relief Can Be Granted.**

In Count III, the Trustee alleges that the transfers of the Note and Mortgage are avoidable as preferential transfers under § 547(b). That subsection allows the avoidance

---

[24] *Patton*, 314 B.R. 826.

[25] *Id*. at 833.

of a "transfer of an interest of the debtor in property" if made (1) for the benefit of a creditor, (2) on account of an antecedent debt, (3) while the debtor was insolvent, and (4) within 90 days of the date of filing of the petition. Count IV alleges a cause of action under § 548(a)(1)(B), fraudulent transfers. That subsection allows the trustee to avoid a transfer of "an interest of the debtor in property" that was made on or within 2 years before the date of the filing of the petition if the debtor received less than a reasonably equivalent value and was insolvent on the date of the transfer.

Counts III and IV fail to state claims upon which relief can be granted. Both preferential transfers and fraudulent conveyances provide for the avoidance of transfers of property of the debtor. For the reasons examined above, the assignments of the Note and Mortgage to CitiMortgage were not transfers of an interest of Debtor in property.

**Count V Fails to State a Claim upon Which Relief Can Be Granted.**

In Count V, the Trustee seeks to avoid the transfers of the Note and Mortgage to CitiMortgage under § 549(a). That subsection provides for the avoidance of a postpetition "transfer of property of the estate" that is authorized only under specified Code sections or is not authorized by the Code or the Court.

Count V fails to state a claim upon which relief can be granted. Section 549(a) applies only to transfers of estate property. For the same reasons that the Note and Mortgage were not property of Debtor when the petition was filed, they were not property of the estate after filing. As one court has stated, "[t]he postpetition assignment of a mortgage and the related note from one holder to another is not a transfer of property of

14

the estate. The mortgage and note are assets of the creditor mortgagee, not of the Debtor."[26]

**Count VI Fails to State a Claim Upon Which Relief Can Be Granted.**

Count VI alleges a claim to recover the transfers avoided pursuant to the previous counts or the value of such property, pursuant to § 550, and to preserve the avoided transfers for the benefit of the estate, pursuant to § 551. Since the Court has found that none of the avoidance counts states a claim upon for which relief can be granted, Count VI also fails to state a claim upon which relief can be granted.

**Count VII Fails to State a Claim upon Which Relief Can Be Granted.**

In Count VII, the Trustee prays for a finding that CitiMortgage violated the automatic stay of § 362 in the postpetition execution of the Assignment of the Mortgage to CitiMortgage by MERS, as nominee for Equitable Mortgage. In her brief, the Trustee argues that a "'lien, purportedly perfected postpetition, is void as a violation of the automatic stay under § 362(a)(5) . . . because it was improperly perfected,'"[27] quoting *Sickels*,[28] a case where the parties agreed that the postpetition recording of a mortgage violated § 362(a)(5).

The stay of § 362(a) bars certain postpetition actions. The postpetition event at

---

[26] *Samuels*, 415 B.R. at 22.

[27] Dkt. no. 14, p. 6.

[28] *Schnittjer v. Linn Area Credit Union (In re Sickels)*, 392 B.R. 423, 427 (Bankr. N.D. Iowa 2008).

15

Case 11-07035    Doc# 16    Filed 10/24/11    Page 15 of 16

issue in this case is the recording of the Assignment. Subsection 362(a)(5) stays acts to perfect a lien against property of the debtor that secures a claim that arose before the commencement of the case. The subsection does not apply here since the postpetition recording of the Assignment did not perfect a lien against property of Debtor. That perfection occurred in 2006 when the Mortgage was recorded. *Sickels*, relied upon by the Trustee, did not involve recording of the assignment of a previously recorded mortgage and does not apply to this case.

## CONCLUSION.

For the foregoing reasons, the Court finds that the only claim alleged in the Complaint upon which relief can be granted is the request for a declaratory judgment of whether CitiMortgage is the holder of the Note. The Motion to Dismiss Adversary Complaint is granted as to Counts II through VII.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this proceeding.

**IT IS SO ORDERED.**

# # #